IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ABIMAEL BARRIOS, JR. | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 7:24-cv-00512 |
| NATIONAL SALVAGE AND SERVICE CORPORATION AND MANUEL ESPINOZA-GUTIERREZ | § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

**To**: Clerk of the U.S. District Court for the Southern District of Texas:

**PLEASE TAKE NOTICE THAT** Defendants National Salvage and Service Corporation ("NSSC") and Manuel Espinoza-Gutierrez ("Espinoza-Gutierrez"), hereby remove to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d) and this Court's Local Rules, copies of this Notice of Removal are being served on all parties at the addresses listed in Plaintiffs' state court complaint and are being filed in the 92nd Judicial District of Hidalgo County, Texas.

## INTRODUCTION

1. On October 29, 2024, Plaintiff Abimael Barrios, Jr. ("Plaintiff") filed the complaint (the "Complaint") in the 92nd Judicial District of Hidalgo County, Texas, styled as Abimael Barrios, Jr. v. National Salvage and Service Corporation and Manuel Espinoza-Gutierrez, Cause No. C-5046-24-A (the "State Court Action").

2. The State Court Action concerns a motor vehicle collision which occurred on or about January 18, 2023, in which Plaintiff was allegedly injured when he was struck by Defendant

Manuel Espinoza-Gutierrez ("Espinoza-Gutierrez") who was operating a vehicle owned by NSSC. Compl. at 2. Plaintiff lodges a variety of negligence claims against the Defendant. *Id.* at 3–4. Plaintiffs' allegations are denied.

3. Pursuant to Local Rule 81, an index of all documents filed in the State Court Action is attached hereto as Exhibit A, and separately marked copies of all documents and proceedings to date in the State Court Action are attached hereto as Exhibit B. In accordance with Rule 81(6) a list of all counsel of record is attached as Exhibit C. Pursuant to Local Rule 3, a completed civil action cover sheet (Form JS44c) is attached hereto as Exhibit D.

## BASIS FOR REMOVAL

**I. Removal is Proper Because this Court has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332 and 1441(b)**

4. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

*a. There is Complete Diversity of Citizenship Among the Parties*

5. Plaintiff is a citizen of the State of Texas. Generally, an individual is a citizen of his state of domicile. *MidCap Media Fin., LLC. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). Here the Complaint specifically alleges that Plaintiff "is a resident of HIDALGO County, Texas." Compl. at 1.

6. Upon information and belief, Defendant Espinoza-Gutierrez is domiciled in the State of Louisiana, residing at 2800 Bortolo St., Meraux LA 70075. *Id.* at 2.

7. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state

where it has its principal place of business." And a corporation's principal place of business refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Upon information and belief, NSSC is incorporated in the State of Indiana and also has its principal place of business in Indiana. *See* Exhibit E (Indiana Secretary of State report, listing NSSC as an Indiana corporation, with a Principal Office Address of 6755 Old State Road 37 South, Bloomington, Indiana 47401). NSSC, therefore, is a citizen of Indiana for federal diversity purposes.

8. Hence, there is complete diversity between the Plaintiff and the Defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

### b. *The Amount in Controversy Requirement is Satisfied.*

9. The Court determines the amount in controversy from the face of the state court Petition or by considering facts and evidence submitted in support of jurisdiction that establish the amount in controversy at the time of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

10. Plaintiff's Complaint expressly seeks "monetary relief over $1,000,000.00." Compl. at 2. Thus, the amount in controversy requirement is satisfied.

## II. Defendants have Satisfied the Procedural Requirements for Removal.

11. Plaintiff filed the Complaint in the 92nd Judicial District of Hidalgo County, Texas, on October 29, 2024. Defendant NSSC was served on November 7, 2024, whereas Defendant Espinoza-Gutierrez was served on November 9, 2024. *See* Exhibits F–G. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

12. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Southern District of Texas embraces Hidalgo County, Texas. 28 U.S.C. § 124.

13. Additionally, Plaintiff and Defendants are subject to personal jurisdiction in Texas. Plaintiff is domiciled in Texas. Defendant NSSC conducts business and maintains offices in the States of Texas. Decl. at 1.

14. Insofar as Defendant Espinoza-Gutierrez, a Texas court has personal jurisdiction over a nonresident defendant if the exercise of personal jurisdiction is authorized by the Texas long-arm statute and is consistent with federal and state constitutional guarantees of due process. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). The broad language of the Texas long-arm statute allows Texas courts to exercise personal jurisdiction "as far as the federal constitutional requirements of due process will permit." *BMC Software, Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

15. The exercise of personal jurisdiction over a nonresident defendant comports with federal due process when "(1) the nonresident defendant has minimum contacts with the forum state, and (2) asserting jurisdiction complies with traditional notions of fair play and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013); *see International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

16. Upon information and belief, Defendant Espinoza-Gutierrez established the requisite minimum contacts in that his job required him to travel and work in the State of Texas. Moreover,

Plaintiff's claims arise out of his conduct in Texas, such that asserting personal jurisdiction over Defendant Espinoza-Gutierrez would not offend traditional notions of fair play and substantial justice. Compl. at 2; *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Accordingly, personal jurisdiction over Defendant Espinoza-Gutierrez is proper.

### Preservation of Rights and Defenses

17. All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, *e.g.*, failure to state a claim for relief. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections

18. NSSC also reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants respectfully give notice that the above-captioned civil action pending in the 92nd Judicial District of Hidalgo County, Texas, is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone

BY: _____
JOHN A. GUERRA
State Bar No. 08576180
Federal Bar No. 18579
Email: jguerra@brock.law
ATTORNEY FOR DEFENDANTS
**NATIONAL SALVAGE AND SERVICE CORPORATION AND MANUEL ESPINOZA-GUTIERREZ**

## **CERTIFICATE OF SERVICE**

      I certify that on December 6, 2024, I electronically filed the foregoing document and that it is available for viewing and downloading from the Court's CM/ECF system, and that it was emailed to the person listed below:

| | |
|---|---|
| Ruy Mireles<br>Law Offices of Mario Davila, PLLC<br>P.O. Box 3726<br>McAllen, Texas 78502 | Email:  MDLawLitigation@gmail.com<br>           RuyMDlaw@gmail.com |

_____
JOHN A. GUERRA